IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD AU, | CIVIL NO. 11-00251 JMS-RLP |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S EXPARTE [SIC] MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT CHAD COTTON |
| vs. | |
| REPUBLIC STATE MORTGAGE COMPANY; CHAD COTTON; OPTION ONE MORTGAGE CORPORATION, NOW KNOWN AS SAND CANYON CORPORATION; AMERICAN HOME MORTGAGE SERVICING, INC.; JOHN DOES 1-10; DOE CORPORATIONS 1-10, | |
| Defendants. | |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S EXPARTE [SIC]
MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT CHAD COTTON[1]

Before the Court is Plaintiff's Exparte [sic] Motion for Entry of Default Against Chad Cotton, filed on January 10, 2012 ("Motion"). Docket No. 93. The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. Docket No. 94. No opposition or other response to the Motion was filed. After careful consideration of the Motion, the supporting declaration,

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

and exhibits, and the record established in this action, the Court FINDS AND RECOMMENDS that the Motion be DENIED.

BACKGROUND

The Court only recites the procedural background necessary for the disposition of this Motion. Plaintiff filed his First Amended Complaint in the First Circuit Court, State of Hawaii ("Hawaii Circuit Court"), Civil No. 11-1-000507, on March 24, 2011. Decl. of Ronald Au submitted in support of Motion ("Au Decl.") ¶ 2. The First Amended Complaint was mailed by certified mail, return receipt requested, to Defendant Cotton on March 25, 2011. Id. ¶ 3. Plaintiff addressed the mailing to "Chad Cotton c/o Republic State Mortgage" at an address in Texas. See Au Decl. Ex. A. at 3. On March 28, 2011, the return receipt was signed by Melissa Morse, who is, according to Plaintiff, "a representative of Republic State Mortgage" and "was employed or associated with" Defendant Cotton. See Au Decl. ¶ 3; Au Decl. Ex. A at 4.

On April 14, 2011, Defendant Option One Mortgage Corporation, now known as Sand Canyon Corporation, ("Defendant Sand Canyon") filed a Notice of Removal of the action to this court. Docket No. 1. Also on April 14, 2011, Defendant Sand Canyon filed a Notice of Filing of its Notice of Removal with the Hawaii Circuit Court. See Docket No. 7. Based on that Notice of Filing, the Hawaii Circuit Court delivered certified copies of

the entire record to this court on April 27, 2011.  Id.
Plaintiff was served with copies of the Notice of Removal and the
notice of delivery of the certified record from the Hawaii
Circuit Court.  See Docket No 1-3; Docket No. 7 at 2.

On May 23, 2011, more than one month after the Notice
of Removal was filed, Plaintiff requested that the Hawaii Circuit
Court enter default against Defendant Cotton.  The clerk of the
Hawaii Circuit entered default against Defendant Cotton on the
same day.  Au Decl. ¶ 4; Au Decl. Ex. B at 5-6.

## DISCUSSION

As an initial matter, it is unclear from the Motion
whether Plaintiff is seeking entry of default or default judgment
against Defendant Cotton.  Federal Rule of Civil Procedure
("FRCP") 55 provides a two-step procedure for obtaining default:
(1) entry of default by the Clerk of Court (FRCP 55(a)); and (2)
entry of default judgment, either by the Clerk of Court when the
claim is for a sum certain (FRCP 55(b)(1)) or by the Court in all
other instances (FRCP 55(b)(2)).  See Fed. R. Civ. P. 55.
Because Plaintiff is proceeding pro se, the Court liberally
construes his pleadings.  See Bernhardt v. Los Angeles County,
339 F.3d 920, 925 (9th Cir. 2003).  As discussed below, neither
default nor default judgment is appropriate against Defendant
Cotton.

First, construing Plaintiff's Motion as a request for

the Court to direct the Clerk of this Court to enter default against Defendant Cotton under Rule 55(a), the Court finds that entry of default is not appropriate because Plaintiff did not properly serve Defendant Cotton.  The Court has an affirmative obligation to determine whether it has personal jurisdiction over the defendant before considering default.  See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").  "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Federal Rules of Civil Procedure Rule 4."  Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) (quoting Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986)).  Here, Plaintiff attempted service of Defendant Cotton by certified mail in Texas.  Au Decl. ¶ 3.  The federal rules do not permit service by certified mail on an individual.  See Fed. R. Civ. P. 4(e)(2).  However, Rule 4(e)(1) provides that a plaintiff may serve process on an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  Although service by certified mail on an individual is not permissible under Hawaii law, Texas law

authorizes service of process on individuals via certified mail. Haw. R. Civ. P. 4(d)(1); Tex. R. Civ. P. 106(a)(2). However, the return receipt must bear the "addressee's signature." Tex. R. Civ. P. 107 ("When the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature."). In this case, service was addressed to "Chad Cotton c/o Republic State Mortgage," but Defendant Cotton's signature does not appear on the return receipt. See Ex. A. at 1. As noted above, the signature on the return receipt is "Melissa Morse." Id. at 2. Thus, Plaintiff's attempted service did not comply with Texas law and was insufficient under Rule 4. Accordingly, entry of default is not appropriate because Plaintiff has not demonstrated that this court has personal jurisdiction over Defendant Cotton.

Second, to the extent Plaintiff's Motion requests default judgment against Defendant Cotton under Rule 55(b), the Court recommends that the Motion be denied because Plaintiff did not properly seek entry of default against Defendant Cotton. As noted above, after this action was removed from the Hawaii Circuit Court, Plaintiff sought entry of default against Defendant Cotton in the Hawaii Circuit Court. However, the removal of an action to federal court divested the Hawaii Circuit Court of its jurisdiction over this case. See 28 U.S.C.

5

§ 1446(d) (following the filing of a notice of removal, the state court "shall proceed no further unless and until the case is remanded"); Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1238 (9th Cir. 1994) ("the clear language of the general removal statute provides that the state court loses jurisdiction upon the filing of the petition for removal"). Accordingly, the Hawaii Circuit Court was without jurisdiction to enter default against Defendant Cotton and such default is void. See id.; 16 James Wm. Moore, et al, Moore's Federal Practice § 107.31[2] (3d ed. 1997) ("Any state court action after the filing of the removal notice is void ab initio"). Because the prior entry of default is void, there is no basis for Plaintiff to request entry of default judgment against Defendant Cotton.

CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiff's Motion be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED: HONOLULU, HAWAII, JANUARY 31, 2012

_____
Richard L. Puglisi
United States Magistrate Judge

**AU V. REPUBLIC STATE MORTGAGE CO., ET AL.,; CIVIL NO. 11-00251 JMS-RLP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S EXPARTE [SIC] MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT CHAD COTTON**