IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD AU, ) | CIVIL NO. 11-00251 JMS/RLP |
| ) | |
| Plaintiff, ) | ORDER GRANTING DEFENDANT |
| ) | AMERICAN HOME MORTGAGE |
| vs. ) | SERVICING, INC.'S MOTION TO |
| ) | DISMISS COUNTS THREE AND |
| REPUBLIC STATE MORTGAGE ) | FIVE OF PLAINTIFF'S THIRD |
| COMPANY; CHAD COTTON; ) | AMENDED COMPLAINT, AND |
| OPTION ONE MORTGAGE ) | GRANTING LEAVE TO AMEND |
| CORPORATION, NOW KNOWN AS ) | |
| SAND CANYON CORPORATION; ) | |
| AMERICAN HOME MORTGAGE ) | |
| SERVICING, INC.; JOHN DOES 1-10; ) | |
| DOE CORPORATIONS 1-10, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## ORDER GRANTING DEFENDANT AMERICAN HOME MORTGAGE SERVICING, INC.'S MOTION TO DISMISS COUNTS THREE AND FIVE OF PLAINTIFF'S THIRD AMENDED COMPLAINT, AND GRANTING LEAVE TO AMEND

### I. INTRODUCTION

Before the court is Defendant American Home Mortgage Servicing,

Inc.'s ("AHMSI") Motion to Dismiss Third Amended Complaint ("TAC") filed by

Plaintiff Ronald Au ("Plaintiff"), proceeding *pro se*.[1] Doc. No. 89. The Motion is

directed only at Counts Three and Five of the TAC against AHMSI. The court

---

[1] Plaintiff was a member of the Hawaii bar from 1963 through 2005.

heard the Motion on March 5, 2012. As the court indicated in open court, the Motion is GRANTED with leave to amend to file a Fourth Amended Complaint.

## II. BACKGROUND

The parties are familiar with the procedural history and factual allegations set forth in the TAC and prior versions of the Complaint, as set forth in the court's previous orders. *See, e.g.*, *Au v. Republic State Mortg. Co.*, 2011 WL 3422780 (D. Haw. Aug. 4, 2011). The court need not repeat those details here, other than to reiterate that the court previously dismissed Counts Three and Five against AHMSI, but granted Plaintiff leave to amend (1) to add a claim under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and (2) to attempt to clarify Counts Three and Five, alleging misrepresentation and violations of Hawaii Revised Statutes ("HRS") Chapter 480. *See* Doc. No. 81.

At the March 5, 2012 hearing, besides addressing the present Motion by AHMSI, the court also denied Plaintiff's Motion for Partial Summary Judgment as to Count Four, Doc. No. 78 ("Plaintiff's Motion"), which sought to establish as a matter of law that the subject note and mortgage are void for violations of the prior HRS § 454-8. The court denied Plaintiff's Motion because obvious genuine issues of material fact exist as to whether Defendant Republic State Mortgage Company ("Republic"), apparently acting through Defendant Chad Cotton, was

2

registered as a mortgage broker or was exempt under HRS Ch. 454.

Moreover, the record now establishes (based upon recent disclosures) that the current holder of the subject note and mortgage is Wells Fargo Bank, N.A. ("Wells Fargo"), which is not a defendant. The TAC alleges that Defendant Sand Canyon Corporation ("Sand Canyon") is the current holder.[2] Thus, even if the record was undisputed that there were violations of the prior HRS § 454-8, it would not be possible to void the note and/or mortgage without the presence of Wells Fargo -- a reason by itself to deny Plaintiff's Motion. That is, Wells Fargo should be added as a required party under Federal Rule of Civil Procedure 19. *See generally Dawavendewa v. Salt River Project*, 276 F.3d 1150, 1157 (9th Cir. 2002) ("[A] party to a contract is necessary [and] indispensable to litigation seeking to decimate that contract."). Accordingly, the court at the March 5, 2012 hearing granted Plaintiff six weeks leave to file a Fourth Amended Complaint to add Wells Fargo as a Defendant, and to consider what claims can or must be added against Wells Fargo.

---

[2] The April 2007 assignment of the note and/or mortgage from Sand Canyon to Wells Fargo was not recorded in the Hawaii Bureau of Conveyances until January 12, 2012. *See* Doc. No. 101-7, Def. Sand Canyon's Concise Statement of Facts ("CSF") in Opp'n Ex. 7, at 2. There was no previous indication to the court that the note and/or mortgage was assigned by Sand Canyon, as the assignment was apparently done in conjunction with a pooling agreement. *See* Doc. No. 101-6, Def. Sand Canyon's CSF in Opp'n Ex. 6.

## III. DISCUSSION

The court's previous dismissal without prejudice of Count Three (misrepresentation) and Count Five (HRS Ch. 480) of the Second Amended Complaint ("SAC") against AHMSI was based upon a failure to meet the pleading standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[3] The TAC added detailed RESPA allegations, but did so in a confusing manner such that Count Three still fails to conform with *Iqbal/Twombly*. And the TAC added details to Count Five -- where previously there were none -- but it still violates pleading standards because Plaintiff appears to be attempting to allege that every other statutory and common-law violation alleged in the TAC also constitutes a violation of Chapter 480, with no effort made to explain which facts apply to which Defendant.

### A.     Count Three

Upon his request, Plaintiff was given leave to add a claim or claims for violations of RESPA -- the prior version of the Complaint alleged facts against AHMSI (such as failure to provide certain information upon Plaintiff's requests)

---

[3] The court also dismissed Count Six (violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*. of the Second Amended Complaint *with* prejudice as against AHMSI. The TILA claim, however, remains as to other Defendants.

that might have indicated a good faith basis for alleging RESPA claims. And the TAC indeed alleges specific requests (by date and type) from AHMSI, as well as responses (or lack of responses) to his requests, and contends that AHMSI thereby violated RESPA. TAC ¶¶ 19-20. The RESPA allegations, however, are confusingly placed in the middle of the TAC's claims for negligent and intentional misrepresentation against AHMSI and every other Defendant.

That is, the revised Count Three mixes RESPA claims with misrepresentation claims. It is unclear whether Count Three is intended to assert that violations of RESPA themselves constitute negligent and/or intentional misrepresentation against AHMSI, or that the violations of RESPA are actionable on their own. Moreover, Count Three fails to separate out claims against different Defendants, such that it is unclear which factual allegations apply to which Defendant.

If Plaintiff is attempting to state a statutory claim against AHMSI for violating RESPA (distinct from common law claims for misrepresentation), then he should do so in a separate count that does not also make allegations against other Defendants. Similarly, if he is attempting to state that *facts* that constitute a RESPA violation *also* constitute a violation of state law, then the allegations need to be clarified. Such claims should not also be included against other Defendants,

unless Plaintiff's theory is that other Defendants also committed the same violations.

And it is still not clear whether Plaintiff is attempting to state a claim for fraud -- one theory as pled appears to be that AHMSI *intentionally* told Plaintiff that Republic was the owner of the Note/Mortgage when AHMSI *knew* it was Sand Canyon, and that Plaintiff relied on that falsehood. TAC ¶ 19D. In this regard, however, the court will not guess as to Plaintiff's intentions (and, in any event, there might not be a good faith basis for such a claim, now that it appears that the holder is Wells Fargo).

In short, Count Three of the TAC, as written, is so confusing that it fails to provide adequate notice to Defendants and fails to state a plausible claim. *See Iqbal*, 129 S. Ct. at 1949.

**B.     Count Five**

Count Five of the SAC previously simply stated that "the conduct of Defendants Cotton, Republic State Mortgage Company . . . Sand Canyon, and American Home Mortgage, violated HRS Chapter 480." *See* Doc. No. 49, SAC ¶ 25. It failed to state a claim against AHMSI (and other Defendants), especially when Count Three of the SAC had also been dismissed -- the allegations failed to state a plausible claim for violating HRS Chapter 480 without alleging which facts

as to which Defendants constituted a violation of which provisions of Chapter 480.

The TAC amended Count Five by listing all the various statutory and common law violations and the details of some of the alleged misdeeds (*e.g.*, "threatening foreclosure," "failure to provide escrow and accounting information," and "misrepresenting material facts," TAC ¶¶ 25-26) that the TAC alleges in its other Counts. It does not, however, explain which facts apply to which Defendants, and does not specify which facts fulfill which elements of which sections of Chapter 480. It still appears that Plaintiff is improperly attempting to allege that every other statutory and common-law violation alleged in the TAC also necessarily constitutes a violation of Chapter 480 against every other Defendant.

In short, Count Five -- like Count Three -- of the TAC is so confusing (or so deficient) that it fails to state a claim.

**C.     Leave to Amend**

As noted above, Plaintiff was a licensed Hawaii attorney for forty-two years, having been licensed from 1963 to 2005. He practiced law in federal courts for many, if not all, of those years. Although he is proceeding *pro se*, he is an experienced litigator who understands the nuances of the Federal Rules of Civil Procedure. It is reasonable, therefore, for the court to expect Plaintiff to understand how to draft a complaint that complies with basic pleading standards.

Plaintiff has sought further leave to amend the TAC, either by being granted leave to file a Fourth Amended Complaint in this proceeding, or by being allowed to file a Motion to Amend pursuant to Rule 15. Plaintiff has already had three chances to state a claim against AHMSI, and this is the third motion to dismiss that Plaintiff has faced -- one by Republic and two by AHMSI. Although the Federal Rules of Civil Procedure contemplate that leave to amend "shall be freely given when justice so requires," and that "this policy is 'to be applied with extreme liberality,'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted), at some point it becomes appropriate to deny further amendment, especially given Plaintiff's background and experience. *See, e.g.*, *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (reiterating that a district court may deny leave to amend for, among other reasons "repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment").

Nevertheless, the court will allow Plaintiff a final opportunity to state claims against AHMSI. Because the court is otherwise allowing Plaintiff an opportunity to file a Fourth Amended Complaint to add Wells Fargo as a Defendant, Plaintiff may also revise his allegations against AHMSI (and other

Defendants named in Counts Three and Five).  That is, Plaintiff is granted leave to amend to clarify his RESPA claims -- and add a separate Count for violations of RESPA, if that is his intention -- as well as to revise his allegations to attempt to state claims for misrepresentation and violations of HRS Chapter 480.

Plaintiff is again instructed to clearly state how each named Defendant has injured him.  In other words, Plaintiff should explain, in clear and concise allegations, what each Defendant did and how those specific facts create a plausible claim for relief -- considering Federal Rules of Civil Procedure 8(a) and 9 (if he is alleging claims based on fraud).  In other words, to provide proper notice, a Fourth Amended Complaint should allege necessary facts against specific Defendants, *i.e.*, tie each claim to a Defendant or specific Defendants and explain how each Defendant is liable.  A Fourth Amended Complaint must avoid alleging a particular violation against all Defendants without specifying what acts were committed by each Defendant -- Plaintiff should not group all Defendants together unless each Defendant is alleged to be liable for the same violation.

Plaintiff is reminded that an amended complaint supersedes the prior versions of the Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  That is, after amendment, the court will treat the TAC as nonexistent.  *Ferdik*, 963 F.2d

at 1262. Any cause of action that was raised in the TAC is waived if it is not raised in the Fourth Amended Complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Thus, if Plaintiff chooses to file a Fourth Amended Complaint, he must also re-allege his claims as against other Defendants as stated in the TAC.

## IV. <u>CONCLUSION</u>

Defendant American Home Mortgage Servicing Inc.'s Motion to Dismiss Plaintiff's Third Amended Complaint, Doc. No. 89, is GRANTED. Counts Three and Five of the TAC are dismissed without prejudice. Plaintiff is granted until **April 17, 2011** to file a Fourth Amended Complaint that adds Wells Fargo Bank, N.A., as a Defendant, and that otherwise complies with this Order. If a Fourth Amended Complaint is not filed, the action will proceed under the TAC's remaining allegations against the remaining Defendants (with claims requiring the presence of Wells Fargo being subject to dismissal).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 7, 2012.



/s/ J. Michael Seabright
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
J. Michael Seabright
United States District Judge

*Au v. Republic State Mortg. Co. et al.*, Civ. No. 11-00251 JMS/RLP, Order Granting Defendant American Home Mortgage Servicing, Inc.'s Motion to Dismiss Counts Three and Five of Plaintiff's Third Amended Complaint, and Granting Leave to Amend