IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD AU, ) | CIVIL NO. 11-00251 JMS/KSC |
| ) | |
| Plaintiff, ) | ORDER DENYING PLAINTIFF'S |
| ) | MOTION TO FILE FIFTH |
| vs. ) | AMENDED COMPLAINT |
| ) | |
| REPUBLIC STATE MORTGAGE ) | |
| COMPANY; CHAD COTTON; SAND ) | |
| CANYON CORPORATION, f.k.a. ) | |
| OPTION ONE MORTGAGE ) | |
| CORPORATION; HOMEWARD ) | |
| RESIDENTIAL, INC., f.k.a. ) | |
| AMERICAN HOME MORTGAGE ) | |
| SERVICING, INC.; and WELLS ) | |
| FARGO BANK, N.A. AS TRUSTEE ) | |
| FOR OPTION ONE MORTGAGE ) | |
| LOAN TRUST 2007-5 ASSET- ) | |
| BACKED CERTIFICATES, SERIES ) | |
| 2007-5, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## ORDER DENYING PLAINTIFF'S MOTION TO FILE FIFTH AMENDED COMPLAINT

### I. INTRODUCTION

On July 31, 2012, the court issued an Order granting in part and

denying in part three Motions to Dismiss the Fourth Amended Complaint in this

long-running action arising out of *pro se* Plaintiff Ronald Au's ("Plaintiff" or

1

"Au") February 2007 refinancing transaction.[1]  *See* Doc. No. 173, *Au v. Republic State Mortg. Co.*, 2012 WL 3113147, at *19 (D. Haw. July 31, 2012) (the "July 2012 Order" or "*Au III*").  In so doing, the court also struck certain factual allegations from the Fourth Amended Complaint, but indicated Au could, if appropriate, seek to add those allegations by way of a motion under Federal Rule of Civil Procedure 15.  *Id.* at **15-17.

Before the court is Au's Motion to File Fifth Amended Complaint ("Motion to Amend").  Doc. No. 184.  The Motion to Amend does not seek to allege the facts that *Au III* struck.  Rather, it attaches a proposed Fifth Amended Complaint that would primarily (1) add or modify factual allegations against Defendants Republic State Mortgage Company ("RSMC") and Sand Canyon Corporation, f.k.a., Option One Mortgage Corporation ("Sand Canyon"); and (2) re-allege but modify claims against Sand Canyon that were dismissed in *Au III*.  Doc. No. 184-1, Pl.'s Ex. A (proposed Fifth Am. Compl.).[2]

---

[1] Plaintiff was an active member of the Hawaii Bar from 1963 through 2005.

[2] Au purports not to add anything new as to Defendants American Home Mortgage Servicing, n.k.a. Homeward Residential, Inc. ("Homeward") or Wells Fargo Bank, N.A. ("Wells Fargo"), but his proposed Fifth Amended Complaint appears also to modify some factual allegations against Homeward.  Because the court ultimately denies the Motion to Amend, it need not address those additional factual allegations against Homeward.  Rather, this Order focuses on claims or allegations against Republic State Mortgage Company ("RSMC") and Sand Canyon Corp., f.k.a. Option One Mortgage Corp. ("Sand Canyon").

As explained to follow, the court DENIES the Motion to Amend.

## II. DISCUSSION

In addressing the Motion to Amend, the court applies the familiar standards under Federal Rule of Civil Procedure 15(a). *See, e.g.*, *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("The standard for granting leave to amend is generous [and] [t]he court considers five factors in assessing the propriety of leave to amend -- bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint.") (citations omitted).

The court begins where it left off on July 31, 2012, when the court repeated some of what it said in March 2012, in allowing Au to file the Fourth Amended Complaint:

> The court remains of the view, as indicated in its March 8, 2012 Order, that -- although the Federal Rules of Civil Procedure contemplate that leave to amend "shall be freely given when justice so requires," *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted) -- at some point it becomes appropriate to deny further amendment, especially given Plaintiff's background and experience. *See, e.g.*, *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (reiterating that a district court may deny leave to amend for, among other reasons "repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of

3

>   amendment"). Plaintiff has had three opportunities to
>   clarify his claims (at least as to [Homeward Residential,
>   Inc.], and in each instance has managed to create more
>   confusion.

*Au III*, 2012 WL 3113147, at *19. Those comments most certainly still apply to the current Motion to Amend.

Moreover, in striking factual allegations that were improperly included in the Fourth Amended Complaint, the court explained:

>   [I]f Plaintiff truly believes, after good faith inquiry into
>   the facts and law, that further amendment of the operative
>   Complaint is necessary based upon newly discovered
>   information disclosed in this action, he must first utilize
>   the Rule 15 process. . . . Any such attempt will be
>   closely scrutinized and only allowed if plausible claims
>   are alleged, and -- given the long procedural history of
>   this action -- only if such amendment would not unduly
>   prejudice opposing parties.

*Id.* Accordingly, the court must view Au's proposed Fifth Amended Complaint in that context -- where he has had four opportunities to draft a coherent Complaint and to state plausible claims, in an action that was originally filed in state court in March 2011.

The parties and the court are well-aware of the confusing procedural history of this action, and the basic factual allegations set forth in prior versions of Au's Complaints. Indeed, over the past year and a half, the court issued three Orders addressing Au's evolving causes of action. *See Au v. Republic State Mortg.*

4

*Co.*, 2011 WL 3422780 (D. Haw. Aug. 4, 2011) (granting in part RSMC's Motion to Dismiss First Amended Complaint); *Au v. Republic State Mortg. Co.*, 2012 WL 760316 (D. Haw. Mar. 8, 2012) (*Au II*) (granting Homeward's Motion to Dismiss Counts Three and Five of the Third Amended Complaint); & *Au III* (granting in part Motions to Dismiss the Fourth Amended Complaint). Thus, the court need not repeat the factual and procedural background here, and proceeds directly to the Motion to Amend.

Au seeks leave to file the Fifth Amended Complaint (1) based on documents produced earlier in discovery and on a January 4, 2012 (*i.e.*, while this suit was pending) assignment of his Mortgage from Sand Canyon to Defendant Wells Fargo Bank, N.A. ("Wells Fargo"); and (2) after having taken the deposition of RSMC president Paulina McGrath ("McGrath") on October 8 and 9, 2012. The court first addresses proposed changes against RSMC, and then addresses the allegations against Sand Canyon.

**A.     Proposed Allegations in a Fifth Amended Complaint as to RSMC**

Similar to his Fourth Amended Complaint, Plaintiff's proposed twenty-nine page Fifth Amended Complaint, at times, fails to clearly allege which Defendants are named in each Count. It also continues to contain some contradictory allegations, for example, as to the role of Defendant Chad Cotton and

as to which entity was the actual broker for his loan.  Nevertheless, as to RSMC, Plaintiff appears to seek only to add new factual allegations from discovery obtained both before the July 2012 Order, and during McGrath's October 2012 deposition.

After the July 2012 Order, the following Counts of the Fourth Amended Complaint still remain against RSMC:  Count One (breach of contract); Count Two (promissory estoppel); Count Three (intentional or negligent misrepresentation); Count Four (Hawaii Revised Statutes ("HRS") Chapter 454); Count Five (Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*); and Count Ten (HRS Chapter 480).  *See Au III*, 2012 WL 3113147, at *4 n.8.  Other Counts in the Fourth Amended Complaint against RSMC were struck or dismissed, and Plaintiff's proposed Fifth Amended Complaint does not re-allege those Counts.[3] The proposed Fifth Amended Complaint names RSMC in its proposed Count One (breach of contract); Count Two (promissory estoppel); Count Three (intentional or negligent misrepresentation); Count Four (HRS Chapter 454); Count Five (TILA); and Count Seven (HRS Chapter 480).  That is, at least as to RSMC,

---

[3] The July 2012 Order dismissed (as to RSMC, Sand Canyon, Homeward, and Cotton) Counts Six (HRS § 454F-17), Seven (Fraud), Eight (HRS § 490-1-203), Eleven (Fair Debt Collection Practices Act), and Twelve (HRS § 490-3-302) of the Fourth Amended Complaint, as having exceeded the scope of the court's prior leave to amend. *Au III*, 2012 WL 3113147, at *4. The court ultimately addressed many of those claims on their merits when dismissing them as to Wells Fargo. *Id.* at **8-14.

6

Plaintiff does not seek to add new causes of action. Rather, Plaintiff is primarily seeking to allege additional -- although sometimes contradictory -- facts regarding (1) Defendant Chad Cotton's employment with either RSMC and/or "the Funding Group; (2) RSMC's purported relationship with Sand Canyon in obtaining and selling Plaintiff's Note and/or Mortgage and that Sand Canyon "colluded" with RSMC in "fronting" the loan without disclosure to Plaintiff; and (3) whether misrepresentations were made regarding RSMC's status as a foreign or exempt lender. *See* Doc. No. 184-1, Proposed Fifth Am. Compl. ¶¶ 12, 17, 18F-H, 24, 28I-J.

Nevertheless, whether or not these new allegations are ultimately relevant, the court concludes that these new proposed details need not be included in the operative Complaint as to RSMC. It is not necessary -- as Plaintiff has apparently attempted to do in his proposed Fifth Amended Complaint -- to include *every* new fact and detail that might have come to light in discovery and that Plaintiff believes will support his theories. It is enough that the Fourth Amended Complaint alleges the same *causes of action* against RSMC that Plaintiff would allege in his proposed Fifth Amended Complaint. The new evidence itself -- whether or not it supports the remaining claims in the current Fourth Amended Complaint -- might be raised in further proceedings in this action, but need not be

added against RSMC to a new version of an already prolix Fourth Amended Complaint.[4]

Accordingly, the court DENIES the Motion to Amend to the extent it seeks to file the proposed Fifth Amended Complaint to add new factual allegations against RSMC.

### B. Proposed Allegations and Claims against Sand Canyon in a Fifth Amended Complaint

As noted above, the July 2012 Order dismissed Counts Six (HRS § 454F-17), Seven (Fraud), Eight (HRS § 490-1-203), Eleven (Fair Debt Collection Practices Act), and Twelve (HRS § 490-3-302) of the Fourth Amended Complaint. And, as with RSMC, the proposed Fifth Amended Complaint does not attempt to re-allege those claims against Sand Canyon.

The July 2012 Order, however, also struck allegations asserting that Sand Canyon was the actual "lender" for the February 2007 refinancing transaction. *See Au III*, 2012 WL 3113147, at *15 (striking allegations from Count One that Sand Canyon "was the lender of the mortgagee and promissory note executed on February 2, 2007," and that it "was in privity of contract with Plaintiff Au, under the mortgage and promissory note.") (quoting ¶ 16 of the Fourth

---

[4] Indeed, RSMC has filed a Motion for Summary Judgment as to the Fourth Amended Complaint, which is currently set for hearing in March 2013.

Amended Complaint). The court struck similar allegations from Count Four that indicated that Sand Canyon was the actual lender. *Id.* at *17. Au had added those allegations to the Fourth Amended Complaint -- beyond the scope of the amendment permitted by *Au II* -- regarding Sand Canyon based upon documents obtained during discovery that he believes indicate the possible involvement of "the Funding Group" and a different broker (William Margiotta) in the transaction. Au had argued that he "has learned that the loan was a 'table loan' . . . and in this case the funding was actually provided by [Sand Canyon]." *Id.* at *15 (quoting Doc. No. 151, Pl.'s [prior] Opp'n at 7).

   The court struck the allegations that Sand Canyon was the lender because the court previously had only authorized Plaintiff to file a Fourth Amended Complaint to add Wells Fargo as a Defendant and to attempt to revise claims against Homeward (then referred to as "AHMSI"). *See Au III*, 2012 WL 3113147, at *3 (explaining the scope of the court's prior grant of leave to amend regarding a Fourth Amended Complaint). But, as quoted earlier, the court stated that Au could attempt to file an amendment utilizing the Rule 15 process, if he wanted to allege the material that the court struck from the Fourth Amended Complaint. *Id.* at *19. Au now also provides excerpts from McGrath's October deposition indicating that Sand Canyon was required to, and did, approve the loan

"for the benefit of" RSMC, prior to closing. *See, e.g.*, Doc. No. 202-1 at 47-49, McGrath Dep. at 143-45. That is, Sand Canyon was involved in loan approval because it "was underwriting the loan on [RSMC's] behalf." *Id.* at 145.

But Au no longer seeks to allege that Sand Canyon was the lender, and he no longer argues that the loan was "table-funded."[5] He makes no attempt to reallege paragraph sixteen of the Fourth Amended Complaint (alleging in part that "[Sand Canyon] was the lender of the mortgage and promissory note executed on February 2, 2007," "[Sand Canyon] was the principal lender," and "[Sand Canyon] was in privity of contract with Plaintiff Au[] under the mortgage and promissory note"). He has abandoned that theory.

Instead, the proposed Fifth Amended Complaint alleges that "Defendant Cotton was the mortgage solicitor for [Sand Canyon]." Doc. No. 184-1, Proposed Fifth Am. Compl. ¶ 15. Au has changed theories once again, and is now seeking to allege, among other new facts, that Cotton and RSMC did not disclose "that [Sand Canyon] pursuant to a prior written agreement was providing

---

[5] Rather than being "table-funded," McGrath's deposition indicates that the loan was made by RSMC through a "warehouse" line of credit. Doc. No. 202-1 at 45, McGrath Dep. at 139. *See, e.g., Moreno v. Summit Mortg. Corp.*, 364 F.3d 574, 576-77 (5th Cir. 2004) (describing difference between "table funded" and "warehouse" loans); *Maixner v. BAC Home Loans Servicing, L.P.*, 2011 WL 7153929, at *10 (D. Or. Oct. 26, 2011) ("Even if Gateway had a pre-existing agreement with another lender sell the Maixners' loan and used borrowed capital to fund the loan, this does not make Maixner's mortgage loan a 'table-funded' transaction.") (citations omitted).

the monies to reimburse [RSMC] for Plaintiff Au's loan." *Id.* ¶ 12. He proposes to allege that he "had no knowledge in applying for the refinancing loan, that [Sand Canyon] was providing all of the investigation in financially qualifying Plaintiff Au for the [RSMC] loan [and thus] colluded with [RSMC] to 'front' the refinancing[.]" *Id.* He repeats that RSMC and Sand Canyon "colluded to have Plaintiff Au borrow the funds," "[RSMC] 'fronted' the new loan, which had been earlier approved by [Sand Canyon]," and "Au had no knowledge of the collusion and agreement of [RSMC] and [Sand Canyon]." *Id.* ¶ 17.

Plaintiff does not, however, explain how these proposed new allegations support his breach of contract theory. Moreover, Sand Canyon's counsel attests that it provided to Plaintiff in its initial disclosures in this action copies of the contract between Sand Canyon and RSMC and other documentation indicating the relationship between the two entities. Doc. No. 190-1, Ferren Decl. ¶ 3. Plaintiff's attempt to change theories is untimely -- even if there was some basis to assert this new theory, it could have been raised much earlier in the litigation. *See Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398-99 (9th Cir. 1986) ("[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.").

The court also refuses to allow Plaintiff to add a new misrepresentation theory against Sand Canyon based upon responses by Dale Sugimoto (Sand Canyon's president) to discovery in this case. *See* Doc. No. 184 at 8-9, Motion to Amend at 6-7 (arguing that Sugimoto's February 13, 2012 declaration contained false information regarding the relationship and status of RSMC and "the Funding Group"); Doc. No. 184-1 at 15, proposed Fifth Am. Compl. ¶ 15 (proposing to add that the discovery response constituted intentional or negligent misrepresentation). This discovery response bears no relation to the underlying *refinancing* transaction -- and any affirmative "misrepresentation" made by the discovery response would likewise bear no relation to the misrepresentation claim regarding non-disclosures during that transaction. At most, if Plaintiff challenges the accuracy of statements made by Sugimoto regarding the nature of discovery, he might do so during other proceedings (*e.g.*, during summary judgment if the nature of Sugimoto's statements are material), but not as part of a "misrepresentation" count blended with other misrepresentation theories against Sand Canyon. It is certainly too late to add any other new substantive causes-of-action to the Fourth Amended Complaint.

Rather than attempting to justify his prior allegations that Plaintiff attempted to raise against Sand Canyon in the Fourth Amended Complaint,

Plaintiff seeks to add two *new* theories against Sand Canyon in his proposed Fifth Amended Complaint.  This latest change amply demonstrates why further amendment is not justified.  *See R.P. v. Prescott Unif. Sch. Dist.*, 631 F.3d 1117, 1124 (9th Cir. 2011) ("[P]leading is not like playing darts: a plaintiff can't keep throwing claims at the board until she gets one that hits the mark.") (quoting *Doe v. Howe Military Sch.*, 227 F.3d 981, 990 (7th Cir. 2000)).

  *Au III* explained that although the current Fourth Amended Compliant "is verbose and contains extraneous or contradictory allegations," and "[d]espite its lack of clarity," 2012 WL 3113147, at *19, the Fourth Amended Complaint provides sufficient notice of plausible claims so that the action may proceed past a pleading state.  *Id.*  That comment still applies.  The operative Complaint moving forward is the Fourth Amended Complaint (as modified by the July 2012 Order).

///

///

///

///

///

///

## III. **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to File Fifth Amended Complaint, Doc. No. 184, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 27, 2012.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Au v. Republic State Mortg. Co.*, Civ. No. 11-00251 JMS-KSC, Order Denying Plaintiff's Motion to File Fifth Amended Complaint