IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD AU, | ) CIVIL NO. 11-00251 JMS-KSC |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO GRANT IN |
| vs. | ) PART AND DENY IN PART |
| | ) DEFENDANT OPTION ONE |
| REPUBLIC STATE MORTGAGE | ) MORTGAGE CORPORATION NOW |
| COMPANY; CHAD COTTON; | ) KNOWN AS SAND CANYON |
| AMERICAN HOME MORTGAGE | ) CORPORATION'S MOTION FOR |
| SERVICING, INC.; JOHN DOES | ) ATTORNEYS' FEES AND COSTS |
| 1-10; DOE CORPORATIONS 1- | ) |
| 10, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO GRANT IN
PART AND DENY IN PART DEFENDANT OPTION ONE
MORTGAGE CORPORATION NOW KNOWN AS SAND CANYON
CORPORATION'S MOTION FOR ATTORNEYS' FEES AND COSTS

Before the Court is Defendant Option One

Mortgage Corporation, now known as Sand Canyon

Corporation's ("Defendant"), Motion for Attorneys' Fees

and Costs ("Motion"), filed October 30, 2013.  On

November 13, 2013, Defendant filed a Statement of

Consultation ("SOC").  Plaintiff Ronald Au

("Plaintiff") filed an Opposition the same day.

Defendant filed a Reply on November 26, 2013.

On December 20, 2013, this Court directed Defendant to submit supplemental time sheets reflecting the time spent on the breach of contract claim asserted against it in the Fourth Amended Complaint.  Defendant submitted its supplemental time sheets on January 17, 2014.  On January 30, 2014, Plaintiff filed a supplemental memorandum.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").  After reviewing the Motion, the supporting and opposing memoranda, and the relevant case law, the Court FINDS and RECOMMENDS that the Motion be GRANTED IN PART and DENIED IN PART, and that Defendant be awarded $15,811.41 in attorneys' fees and tax and $350.00 in costs for the reasons set forth below.

## BACKGROUND

As the Court and the parties are familiar with the extensive history of this case, the Court recites only those facts relevant to the instant Motion.

On March 15, 2011, Plaintiff commenced the instant action in state court.  On March 24, 2011, he filed a First Amended Complaint, pleading the following causes of action:  1) breach of contract; 2) breach of promissory estoppel; 3) intentional or negligent misrepresentation and fraud; 4) intentional or negligent non-disclosure; 5) violation of Hawaii Revised Statutes ("HRS") Chapter 454; 6) negligence; 7) violation of HRS Chapter 480; and 8) punitive damages.

On April 14, 2011, Defendant filed a Notice of Removal.

Following the adjudication of a number of motions to dismiss and multiple amendments of the pleadings, Plaintiff filed a Fourth Amended Complaint ("FAC") on April 16, 2012.  The FAC alleged:  1) breach of contract; 2) breach of promissory estoppel; 3) intentional or negligent misrepresentation; 4) violation of HRS Chapter 454; 5) violation of the Truth in Lending Act ("TILA"); 6) violation of HRS §§ 454-4 and 454F-17; 7) fraud, nondisclosure and

3

concealment; 8) violation of HRS § 490:1-203, Uniform Commercial Code, good faith and fair dealing; 9) violation of HRS Chapters 454D and 454M, and §§ 454D-6, 454-3(1), and 454M-6; 10) violation of HRS Chapter 480; 11) violation of the Fair Debt Collection Practices Act ("FDCPA"); and 12) holder in due course. Defendants sought dismissal of the FAC.

On July 31, 2012, Judge Seabright issued an Order Granting in Part and Denying in Part Defendants' Motions to Dismiss. Judge Seabright dismissed the FAC in its entirety against Defendant.

On October 11, 2012, Plaintiff filed a Motion to File Fifth Amended Complaint, which Judge Seabright denied on December 27, 2012.

Notwithstanding Defendant's dismissal from the action, Plaintiff filed a Motion to Compel Production of Documents and Electronically Stored Information and a Motion to Compel Oral Deposition of Dale Sugimoto, President of Sand Canyon Corporation on March 12, 2013, and March 25, 2013, respectively. This Court denied both motions.

Judgment entered on October 16, 2013.   The present Motion followed.

DISCUSSION

I.   <u>Attorneys' Fees</u>

   A.   <u>Entitlement to Attorneys' Fees</u>

Defendant argues that as the prevailing party in this action that asserted a breach of contract claim, it is entitled to $78,508.35[1] in attorneys' fees and tax pursuant to HRS § 607-14.[2]   Plaintiff contends that the Motion should be denied because 1) Defendant

---

[1]   Defendant previously requested $107,215.14 in fees and tax.   Incredibly, even though the Court specifically asked that Defendant only submit timesheets related to the breach of contract claim in the FAC, Defendant has only reduced its request by $28,706.79 and claims entitlement to what appears to be all of its fees from the filing of the FAC on, whether or not related to the breach of contract claim

[2]   Defendant also seeks to recover fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), though Defendant miscites the authority as FRCP 37(b) or 37(B).   FRCP 37(a)(5)(B) authorizes the recovery of fees when a party successfully opposes a motion to compel, but this is a matter that should have been raised at the time the discovery motions were adjudicated; not in a post-judgment motion for fees. Nevertheless, certain fees related to defending against Plaintiff's discovery motions will be compensable, as the Court will later discuss.

5

violated Local Rule 54.3(b) by failing to file a statement of consultation; 2) that he, not Defendant, is the prevailing party in this action; and 3) the time sheets are not sufficiently detailed to enable the Court to rule on the reasonableness of the fee request.

A federal court sitting in diversity must apply state law in determining whether the prevailing party is entitled to attorneys' fees. <u>See</u> <u>Farmers Ins. Exch.</u> <u>v. Law Offices of Conrado Joe Sayas, Jr.</u>, 250 F.3d 1234, 1236 (9th Cir. 2001). Under Hawai'i law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement." <u>Stanford Carr Dev. Corp.</u> <u>v. Unity House, Inc.</u>, 111 Hawai'i 286, 305, 141 P.3d 459, 478 (2006) (citation and quotation marks omitted); <u>DFS Group, L.P. v. Paiea Props.</u>, 110 Hawai'i 217, 219, 131 P.3d 500, 502 (2006) (quoting <u>TSA Int'l, Ltd. v.</u> <u>Shimizu Corp.</u>, 92 Hawai'i 243, 263, 990 P.2d 713, 733 (1999) ("Generally, under the 'American Rule,' each party is responsible for paying his or her own

litigation expenses.  A notable exception to the 'American Rule,' however, is the rule that attorneys' fees may be awarded to the prevailing party where such an award is provided for by statute, stipulation, or agreement.")).

HRS § 607-14 is a statutory exception to the American Rule.  <u>DFS</u>, 110 Hawai'i at 219, 131 P.3d at 502.  It mandates the recovery of fees when a promissory note or contract provides for the same, in writing, or when an action is in the nature of assumpsit, and states, in pertinent part:

> In all the courts, **in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee**, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee. The court shall then tax attorneys' fees,

which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment.

Where the note or other contract in writing provides for a fee of twenty-five per cent or more, or provides for a reasonable attorney's fee, not more than twenty-five per cent shall be allowed . . .

The above fees provided for by this section shall be assessed on the amount of the judgment exclusive of costs and all attorneys' fees obtained by the plaintiff, and upon the amount sued for if the defendant obtains judgment.

Haw. Rev. Stat. § 607-14 (emphasis added). Attorneys' fees may therefore be awarded under HRS § 607-14 "in three types of cases: (1) all actions in the nature of assumpsit; (2) all actions on a promissory note; and (3) contracts in writing that provides for an attorney's fee." Eastman v. McGowan, 86 Hawai'i 21, 31, 946 P.2d 1317, 1327 (1997). A court awarding attorneys' fees pursuant to § 607-14 must apportion the fees claimed between assumpsit and non-assumpsit claims, if practicable. See Blair v. Ing, 96 Hawai'i

327, 332, 31 P.3d 184, 189 (2001).

      1.  <u>Prevailing Party</u>

      Section 607-14 states that reasonable attorneys' fee shall be taxed in favor of the prevailing party and against the losing party.  The Hawaii courts have noted that "'[i]n general, a party in whose favor judgment is rendered by the district court is the prevailing party in that court, plaintiff or defendant, as the case may be. . . .'"  <u>MFD Partners v. Murphy</u>, 9 Haw. App. 509, 514, 850 P.2d 713, 716 (1992) (quoting 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 54.70[4], at 54-323-54-324, (2d ed. 1992)) (some alterations in original); <u>see also Village Park Cmty. Ass'n v. Nishimura</u>, 108 Hawai'i 487, 503, 122 P.3d 267, 283 (Haw. Ct. App. 2005) (citation omitted).  Thus, under Hawaii law, in order to be deemed the prevailing party for purposes of § 607-14, Defendant must have obtained final judgment in its favor.  Insofar as the Court entered final judgment and Defendant was dismissed from this action on July 31,

2012, the Court finds that Defendant is the prevailing party with respect to the FAC.

Included in Defendant's fee request are the hours related to its motion to dismiss its counterclaim and cross-claim. However, Defendant is not the prevailing party with respect to the cross or counterclaims because said claims were dismissed. Under Hawaii law, the voluntary dismissal of a plaintiff's action "is sufficient to deem a defendant to be the prevailing party and the plaintiff the losing party." Ranger Ins. Co. v. Hinshaw, 103 Hawai'i 26, 31, 79 P.3d 119, 124 (2003). Accordingly, none of the hours expended on the cross or counterclaims are compensable.

2.  Assumpsit

"Assumpsit is a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." 808 Dev., LLC v. Murakami, 111 Hawai'i 349, 366, 141 P.3d

10

996, 1013 (2006) (citation, emphases, and quotation marks omitted); Helfand v. Gerson, 105 F.3d 530, 537 (9th Cir. 1997) ("Under Hawaii case law, an action in the nature of assumpsit includes 'all possible contract claims.'").

However, the mere fact that a claim "relate[s] to a contract between the parties does not render a dispute between the parties an assumpsit action." TSA, 92 Hawaiʻi at 264, 990 P.2d at 734. "'[T]he nature of a claim' is 'determined from the substance of the entire pleading, the nature of the grievance, and the relief sought, rather than from the formal language employed or the form of the pleadings.'" S. Utsunomiya Enters, Inc. v. Moomuku Country Club, 76 Hawaiʻi 396, 400, 879 P.2d 501, 505 (1994). It is well-established that "[w]hen there is a doubt as to whether the action is in assumpsit or tort, there is a presumption that the suit is in assumpsit." Jorgensen v. Cassiday, 320 F.3d 906, 919 (9th Cir. 2003) (quoting Leslie v. Estate of Tavares, 93 Hawaiʻi 1, 6, 994 P.2d 1047, 1052 (2000)

(citing <u>Healy-Tibbitts Constr. Co. v. Hawaiian Indep.
Refinery, Inc.</u>, 673 F.2d 284, 286 (9th Cir. 1982)));
<u>see also</u> <u>Helfand</u>, 105 F.3d at 537.  "Further, a
plaintiff's prayer for attorney fees is a significant
indication that the action is in assumpsit."  <u>Helfand</u>,
105 F.3d at 537 (citing <u>Healy-Tibbitts</u>, 673 F.2d at
286).

     Although the Court looks to the substance of
the entire pleading, it must also "determine whether
each individual claim alleged in a complaint sounds in
assumpsit or tort."  <u>Kona Enters. v. Estate of Bernice
Pauahi Bishop</u>, 229 F.3d 877, 885 (9th Cir. 2000).  Of
the ten claims asserted in the FAC, only the breach of
contract and breach of promissory estoppel claims are
in the nature of assumpsit.  The other claims are tort
based or are statutory.  Notably, only five claims were
specifically asserted against Defendant,[3] and of those
five claims, only the breach of contract claim is in

─────────────

     [3] Breach of contract, misrepresentation, violations
of HRS Chapter 454, TILA violations, and violations of
HRS Chapter 480.

the nature of assumpsit.

        a.  <u>Breach of Contract</u>

     The breach of contract claim is clearly in the nature of assumpsit. <u>Murakami</u>, 111 Hawaiʻi at 366, 141 P.3d at 1013; <u>Helfand</u>, 105 F.3d at 537.

        b.  <u>TILA/HRS Chapter 454</u>

     The TILA and HRS Chapter 454 claims are statutory and are therefore not in the nature of assumpsit.

        c.  <u>Intentional/Negligent Misrepresentation</u>

     Plaintiff's intentional/negligent misrepresentation claim sounds in tort and is therefore not in the nature of assumpsit. Both negligent and intentional misrepresentation are torts. <u>Laeroc Waikiki Parkside, LLC v. K.S.K. (Oahu) Ltd. P'ship</u>, 115 Hawaiʻi 201, 22, 166 P.3d 961, 988 (2007) (citing <u>Kohala Agric. v. Deloitte & Touche</u>, 86 Hawaiʻi 301, 304, 949 P.2d 141, 144 (Haw. Ct. App. 1997)) (Hawaii "has adopted the Restatement (Second) of Torts § 552 addressing the tort of negligent

13

misrepresentation.").

           d.  <u>Unfair and Deceptive Practices, HRS Chapter 454f as amended, HRS 480</u>

Plaintiff's HRS Chapter 480 unfair and deceptive trade practices cause of action is statutory and is not in the nature of assumpsit.  Although § 480-13 provides for the recovery of attorneys' fees, this section applies to plaintiffs, not defendants.  Thus, Defendant could not recover fees with respect to this claim alone.  <u>TSA</u>, 92 Hawai'i at 264 n.9, 990 P.2d at 734 n.9 (the parties do not dispute that the "statutory causes of action (i.e., securities violation under HRS ch. 485, fraud on creditors under HRS ch. 651C, unfair competition under HRS ch. 480, and RICO under 18 U.S.C. § 1962) do not authorize an award of fees to a successful defendant under these circumstances").  In addition, the Hawaii Supreme Court has held that "[p]laintiffs in an action for unfair and deceptive business practices are entitled only to an award of reasonable attorney's fees under HRS § 480-2 and 480-13 and are not entitled, in addition, to attorney's fees

14

in assumpsit under HRS § 607-14." <u>Leibert v. Fin.</u>
<u>Factors, Ltd.</u>, 71 Haw. 285, 286, 788 P.2d 833, 835
(1990).

> 3.  <u>Apportionment Between Assumpsit and Non-</u>
> <u>assumpsit Claims</u>

Having concluded that one of the five claims
asserted against Defendant in the FAC was in the nature
of assumpsit, the Court must now determine whether it
is practicable to apportion the award of attorneys'
fees between said claims.  Defendant argues that
apportionment would be impracticable.  The Court
disagrees.

When a case involves both assumpsit and non-
assumpsit claims, "a court must base its award of fees,
if practicable, on an apportionment of the fees claimed
between assumpsit and non-assumpsit claims." <u>TSA</u>, 92
Hawai'i at 264, 990 P.2d at 734 (citation omitted).  In
some cases it may be impracticable or impossible to
apportion fees. <u>See</u>, <u>e.g.</u>, <u>Blair</u>, 96 Hawai'i at 333,
31 P.3d at 190 ("Because the negligence claim in this
case was derived from the alleged implied contract and

was inextricably linked to the implied contract claim
by virtue of the malpractice suit, we hold that it is
impracticable, if not impossible, to apportion the fees
between the assumpsit and non-assumpsit claims."().
Thus, under <u>Blair</u>, a court may award reasonable
attorneys' fees pursuant to HRS § 607-14 to a party who
succeeds on a contract claim that is "inextricably
linked" to a tort claim, and decline to apportion fees.
<u>Id.</u>

     In the present case, the Court finds that
apportionment is possible.  Plaintiff's claims were
distinct enough that apportionment is not only
feasible, but necessary.  Defendant wishes to recover
all fees incurred in defending against Plaintiff's
claims.  Yet only two paragraphs of its 21-page motion
to dismiss addressed the breach of contract claim - one
paragraph requested dismissal based on procedural
violations, and the other merely sought dismissal for
failure to satisfy <u>Iqbal</u> and <u>Twombly</u>.  Similarly,
Defendant's reply memorandum included only one sentence

16

of argument concerning the breach of contract claim.
Judge Seabright ultimately struck the breach of
contract claim because the factual allegations against
Defendant, raised for the first time in the FAC,
exceeded the scope of the leave to amend.

Defendant expended far more time addressing the
other claims in the FAC, none of which were
substantially related to the breach of contract claim,
much less inextricably intertwined with the same.
Under the circumstances then, there is no basis to
permit recovery of all fees incurred in connection with
the FAC when the time devoted to addressing the breach
of contract claim was clearly limited.

4.   Twenty-Five Percent Limitation on Fees

Defendant argues that § 607-14's 25% limitation
should be based off of the $700,000.00 loan amount.
The Court agrees.  Because Defendant prevailed with
respect to the FAC, the 25% limitation should be based
on the amount sued for.  Haw. Rev. Stat. § 607-14.
Although Plaintiff did not pray for a specific amount

in damages, he sought special, general and treble

damages; offsets and credits; and recoupment.  It is

thus proper for the Court to base the calculation on

the value of the loan amount.  Eckerle v. Deutsche Bank

Nat'l Trust, Civ. No. 10-00474 SOM-BMK, 2012 WL 896266,

at *4 (D. Haw. Feb. 21, 2012) (relying on amount of

original mortgage for the purposes of the 25%

limitation).[4]  Defendant's $78,508.35 fee request falls

well below $175,000.00, which is 25% of $700,000.00.

     B.   Calculation of Fees

          The Court shall now calculate the

reasonableness of the fees requested by Defendant.

Hawaii courts calculate reasonable attorneys' fees

based on a method that is virtually identical to the

traditional "lodestar" calculation set forth in Hensley

v. Eckerhart, 461 U.S. 424, 433 (1983).  See DFS, 110

Hawai'i at 222, 131 P.3d at 505.  The court must

determine a reasonable fee by multiplying the number of

_____

     [4]  Given the Court's ultimate recommendation as to
the fee award, the figure could be substantially lower
and the award would still fall well within the 25%
limitation.

18

hours reasonably expended by a reasonable hourly rate.

See id. at 222-23, 131 P.3d at 505-06.  In addition,

Hawaii courts may consider the following factors:

> (1) the time and labor required, the
> novelty and difficulty of the questions
> involved and the skill requisite properly
> to conduct the cause; (2) whether the
> acceptance of employment in the particular
> case will preclude the lawyer's appearance
> for others in cases likely to arise out of
> the transaction, and in which there is a
> reasonable expectation that otherwise he
> would be employed, or will involve the
> loss of other employment while employed in
> the particular case or antagonisms with
> other clients; (3) the customary charges
> of the Bar for similar services; (4) the
> amount involved in the controversy and the
> benefits resulting to the client from the
> services; (5) the contingency or the
> certainty of the compensation; and (6) the
> character of the employment, whether
> casual or for an established and constant
> client.

Chun v. Bd. of Trs. of Employees' Ret. Sys. of Hawai'i,

106 Hawai'i 416, 435, 106 P.3d 339, 358 (2005)

(citations omitted).  These factors, however, are

merely guides; courts need not consider them in every

case.  See id.  In certain types of cases, some of

these factors may justify applying a multiplier to the

"lodestar" amount.   See Chun v. Bd. of Trs. of

Employees' Ret. Sys. of Hawai'i, 92 Hawai'i 432, 442,

992 P.2d 127, 137 (2000).

      1.   Reasonable Hourly Rate

      Defendant requests the following hourly rates:

1) Steven Chung - $325.00-$400.00; 2) Gregory Ferren -

$200; 3) Chanelle Fujimoto - $185.00-$210.00; and

4) Debra Peake - $70.00-$200.00.[5]  The Hawaii courts

consider the reasonable hourly rate in a manner

virtually identical to the traditional lodestar

formulation and some courts have considered federal law

in determining a reasonable hourly rate.   See, e.g.,

Reiche v. Ferrera, No. 24449, 2003 WL 139608, at *8

(Haw. Ct. App. Jan. 16, 2003) ("The reasonable hourly

rate is that prevailing in the community for similar

work." (citing United States v. Metro. Dist. Comm'n,

_____

     [5]   It is surprising that Defendant would request
these rates given the Court's recent determination of
counsel's reasonable hourly rates.   Au v. Funding
Group, Inc., Civil No. 11-00541 SOM-KSC, 2013 WL
1154211, at **6-7 (D. Haw. Feb. 19, 2013), adopted by
Au v. Funding Group, Inc., Civil No. 11-00541 SOM-KSC,
2013 WL 1154351 (D. Haw. Mar. 19, 2013).

847 F.2d 12, 19 (1st Cir. 1988)).  But see DFS, 110

Hawai'i at 223, 131 P.3d at 506 (determining a

reasonable hourly rate by calculating the average of

the four requested rates).  This Court therefore finds

that federal case law on the determination of a

reasonable hourly rate is instructive in the instant

case.

     In determining the reasonableness of an hourly

rate, the experience, skill, and reputation of the

attorney requesting fees are taken into account.  See

Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir.

2002).  The reasonable hourly rate should reflect the

prevailing market rates in the community.  See id.;

Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir.

1992), as amended on denial of reh'g, (1993) (noting

that the rate awarded should reflect "the rates of

attorneys practicing in the forum district"); see also

Chun, 106 Hawai'i at 435, 106 P.3d at 358 (listing "the

customary charges of the Bar for similar services" as a

factor that may be considered).  It is the burden of

the fee applicant to produce satisfactory evidence, in
addition to an affidavit from the fee applicant,
demonstrating that the requested hourly rate reflects
prevailing community rates for similar services.  See
Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th
Cir. 1987).

This Court is well aware of the prevailing
rates in the community for similar services performed
by attorneys of comparable experience, skill and
reputation.  Based on this Court's knowledge of the
community's prevailing rates, the hourly rates
generally granted by the Court, the Court's familiarity
with this case, and defense counsel's submissions, this
Court finds the following hourly rates to be manifestly
reasonable:  1) Mr. Chung - $325.00; 2) Mr. Ferren -
$200.00; 3) Ms. Fujimoto - $165.00; and 4) Ms. Peak -
$70.00 for work completed prior to admission to the
bar, and $145.00 for post bar admission work.

2.   Reasonableness of Hours Expended

For the reasoning stated in Section B.1, this

22

Court finds federal case law instructive on the reasonableness of the time expended by counsel. Beyond establishing a reasonable hourly rate, a prevailing party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted); see also Sharp v. Hui Wahine, 49 Haw. 241, 247, 413 P.2d 242, 246 (1966) (the party requesting fees has the burden to prove that the requested fees were reasonably and necessarily incurred). The court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable. See Tirona, 821 F. Supp. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987), cert. denied, 484 U.S. 927 (1987)). Courts have the "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the

23

case." <u>Soler v. G & U, Inc.</u>, 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  <u>See</u> <u>Gates</u>, 987 F.2d at 1399 (quoting <u>Hensley</u>, 461 U.S. at 433-34).

After careful review of Defendant's submissions, the Court finds that reductions for clerical work, unrelated work, unnecessary/excessive work, and insufficient descriptions are necessary and appropriate.

a.  <u>Clerical or Ministerial Tasks</u>

Some of counsel's time entries reflect billing for clerical/ministerial work, and must be reduced accordingly.  "[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate." <u>Jeremiah B. v. Dep't of Educ.</u>, Civil No. 09-00262 DAE-LEK, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010) (citing <u>Sheffer v. Experian Info. Solutions, Inc.</u>, 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003)).

24

The following is a list of tasks previously deemed clerical or ministerial in this district and therefore deemed non compensable:

> reviewing Court-generated notices; scheduling dates and deadlines; calendering dates and deadlines; notifying a client of dates and deadlines; preparing documents for filing with the Court; filing documents with the Court; informing a client that a document has been filed; personally delivering documents; bates stamping and other labeling of documents; maintaining and pulling files; copying, printing, and scanning documents; receiving, downloading, and emailing documents; and communicating with Court staff.[6]

Hawaii Motorsports Inv., Inc. v. Clayton Group Servs., Inc., Civ. No. 09-00304 SOM-BMK, 2010 WL 4974867, at *5 (D. Haw. Dec. 1, 2010), adopted by Hawaii Motorsports Inv., Inc. v. Clayton Group Servs., NC, Civ. No. 09-00304 SOM-BMK, 2010 WL 5395669 (D. Haw. Dec. 22, 2010); see also, e.g., Yamada v. Weaver, Civil No. 10-00497 JMS-RLP, 2012 WL 6019363, at *10 (D. Haw. Aug. 30, 2012), adopted in pertinent part by Yamada v. Weaver, Civil No. 10-00497 JMS-RLP, 2012 WL 6019121 (D.

---

[6] This list is a sampling and is not exhaustive.

25

Haw. Nov. 30, 2012) (deeming clerical work completed on table of authorities).

Here, counsel worked on clerical tasks such as emailing documents to the Court, making requests to office managers, and instructing staff to calendar deadlines.  Ms. Peake expended 0.5 hours on clerical tasks and those hours should be excluded from the fee award.

b.   Unrelated Work

With respect to the unrelated work, the Court declines to permit recovery for the time expended in connection with Plaintiff's motions for partial summary judgment.  Said motions only addressed the HRS Chapter 454 claim, not the breach of contract claim. Therefore, Defendant has no basis to request recovery of the related fees.

The Court also excludes the hours submitted under "Other Discovery Matters, Motions and Trial Preparation".  Defendant has not sufficiently explained or demonstrated how these hours are related to the

26

breach of contract claim, and it is evident from the descriptions that most of these hours are not.  The Court declines to comb through the seven pages of entries to ascertain which tasks might have been related to the breach of contract claim; it is Defendant's burden to do so.  Such editing should have taken place in the month Defendant was granted to submit supplemental timesheets.

As discussed above, the Court further excludes the hours related to the motion to dismiss counterclaim and cross-claim because Defendant was not the prevailing party.

Finally, the Court reduces counsel's time for work completed on unrelated tasks, such as Ms. Peake's conversation with Blaine Rogers regarding a loan modification agreement to Plaintiff (10/22/13 entry under "Motion for Attorneys' Fees and Costs"); Mr. Ferren's review of the other defendants' motions to dismiss; and Mr. Chung's review of Plaintiff's motion to compel against Defendant Republic State Mortgage

27

Company.   The following hours were expended on unrelated tasks:  1) Mr. Chung - 0.1; 2) Mr. Ferren - 1; and 3) Ms. Peake - 0.2.

c.   Unnecessary/Excessive Hours

The Court finds that a number of hours were unnecessary and/or excessive and must be cut as a result.   Defendant spent very little time defending against the breach of contract claim.   Thus, while the Court permits recovery of the hours expended in relation to the motion to dismiss FAC, the compensable hours[7] will be reduced by 80%,[8] to account for the fact that the breach of contract claim was only one of five claims asserted against Defendant.   The Court finds the following hours to be compensable regarding the motion to dismiss the FAC:  1) Mr. Chung - 0.6; 2) Mr. Ferren - 23.2; 3) Ms. Fujimoto - 0.7 and 4) Ms. Peake - 1.2.

---

[7]   Compensable hours are those not reduced for other deficiencies.

[8]   This reduction is actually conservative given that Defendant's work product does not even reflect that 20% of the compensable time was expended on the breach of contract claim.

28

Applying the 80% reduction, the hours reasonably expended are as follows:  1) Mr. Chung - 0.12; 2) Mr. Ferren - 4.64; 3) Ms. Fujimoto - 0.14; and 4) Ms. Peake - 0.24.

The same reduction will be made for hours expended in response to Plaintiff's motion for leave to file a fifth amended complaint.  Only one page of Defendant's opposition was dedicated to the breach of contract claim that Plaintiff attempted to resurrect. Mr. Chung and Mr. Ferren's compensable hours were 4.7 and 11.9, respectively.  With the 80% reduction, Mr. Chung reasonably expended 0.94 hours and Mr. Ferren reasonably expended 2.38 hours.

Defense counsel expended some unnecessary hours in addition to the aforementioned hours.  For example, following the granting of the motion to dismiss the FAC, Mr. Ferren drafted an answer, counterclaim and cross-claim.  The Court believes this was unnecessary because Judge Seabright's order dismissed Defendant from the action.  Mr. Chung expended 0.3 hours and Mr.

Ferren expended 1.3 hours on unnecessary tasks.

d.   Insufficient Descriptions

Although counsel's time entries are in large part sufficiently descriptive, a few tasks must be excluded due to the inadequacy of the descriptions. Local Rule 54.3(d)(2) requires that the "party seeking an award of fees must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated."  Local Rule 54.3(d)(2).  The rule further provides:

> [C]ounsel should be sensitive to matters giving rise to attorney-client privilege and attorney work product doctrine, but must nevertheless furnish an adequate non-privileged description of the services in question.  If the time descriptions are incomplete, or if such descriptions fail to describe adequately the services rendered, the court may reduce the award accordingly.  For example, the time entries for telephone conferences must include an identification of all participants and the reason for the call.

Local Rule 54.3(d)(2).  Here, Mr. Chung's 10/2/12 and 11/5/12 entries under "Plaintiff's Deposition of Paulina McGrath and Deposition of Plaintiff" are

30

insufficient because they do not indicate who he communicated with.  As a result, the Court recommends that Mr. Chung's hours be reduced by 0.3 for inadequate descriptions.

     3.  <u>Total Fee Award</u>

     The Court is satisfied that Defendant has established the appropriateness of the following attorneys' fees incurred in the present action:

| <u>NAME</u> | <u>HOURS</u> | <u>RATE</u> | <u>TOTAL</u> |
|---|---|---|---|
| Steven Chung | 16.26 | $325.00 | $5,284.50 |
| Gregory Ferren | 15.02 | $200.00 | $3,004.00 |
| Chanelle Fujimoto | 0.14 | $165.00 | $23.10 |
| Debra Peake | 0.24 | $70.00 | $16.80 |
| Debra Peake | 46.7 | $145.00 | $6,771.50 |
| **Subtotal** | | | $15,099.90 |
| <u>**TAX (4.712%)**</u> | | | $711.51 |
| <u>**TOTALS**</u> | 78.36 | | $15,811.41 |

     The recommended $15,811.41 award falls well below § 607-14's 25% limitation.

II. <u>Costs</u>

Defendant additionally requests $1,889.11 in costs.  Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs--other than attorney's fees--should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  The Local Rules provide that "[t]he party entitled to costs shall be the prevailing party in whose favor judgment is entered, or shall be the party who prevails in connection with a motion listed in LR54.2(b)."  Local Rule 54.2(a).

Courts have discretion to award costs pursuant to Rule 54(d).  <u>See</u> <u>Yasui v. Maui Elec. Co., Ltd.</u>, 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999).  The burden is on the losing party to demonstrate why costs should not be awarded.  <u>Stanley v. Univ. of S. Cal.</u>, 178 F.3d 1069, 1079 (9th Cir. 1999).

In this case, Defendant is the "prevailing party."  The Court will therefore tax statutorily permitted costs in its favor.

While courts have discretion to award costs
pursuant to Rule 54(d), courts may only tax the costs
specified in 28 U.S.C. § 1920.  See Yasui, 78 F. Supp.
2d at 1126 (citing Alflex Corp. v. Underwriters Labs.,
Inc., 914 F.2d 175, 177 (9th Cir. 1990); Crawford
Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42
(1987)).  Section 1920 enumerates the following costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically
> recorded transcripts necessarily obtained
> for use in the case;
>
> (3) Fees and disbursements for printing
> and witnesses;
>
> (4) Fees for exemplification and the costs
> of making copies of any materials where
> the copies are necessarily obtained for
> use in the case;
>
> (5) Docket fees under section 1923 of this
> title;
>
> (6) Compensation of court appointed
> experts, compensation of interpreters, and
> salaries, fees, expenses, and costs of
> special interpretation services under
> section 1828 of this title.

28 U.S.C. § 1920; Yasui, 78 F. Supp. 2d at 1126.  The
Court addresses each of the costs requested by

33

Defendant in turn.

A.   <u>Filing Fees</u>

Defendant requests $350.00 in filing fees for removal.  Section 1920(1) allows for the taxation of the fees of the clerk and marshal.  Indeed, "[f]iling fees are properly recoverable by a prevailing party under § 1920(1)." <u>World Triathalon Corp. v. Dunbar</u>, 539 F. Supp. 2d 1270, 1288 (D. Haw. 2008).  Accordingly, the Court recommends that the district court tax $350.00 in filing fees.

B.   <u>Outside Printing</u>

Defendant requests $52.91[9] in outside printing costs.  Section 1920(3) provides for the taxation of "[f]ees and disbursements for printing."  Local Rule 54.2(f)(4) provides:

> The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied.  The practice of

[9]  The invoice submitted in support of this request reflects a total cost of $52.98.

34

> this court is to allow taxation of copies
> at $.15 per page or the actual cost
> charged by commercial copiers, provided
> such charges are reasonable.  The cost of
> copies obtained for the use and/or
> convenience of the party seeking recovery
> and its counsel is not allowable.

Local Rule 54.2(f)(4).  Defendant has submitted an

invoice for the copying costs.  The costs were incurred

to copy 506 pages of documents produced by Defendant

Homeward Residential.  However, Defendant has not

explained why it obtained the copies.  It appears that

the copies were made for the use and/or convenience of

Defendant and its counsel.  Local Rule 54.2(f)(4)

expressly prohibits the recovery of copying costs for

that purpose.  Accordingly, the Court declines to

recommend that the copying costs be taxed against

Plaintiff.

  C.  Deposition Transcripts

  Defendant requests $1,486.20 in reimbursement

for Paulina McGrath and Plaintiff's deposition

transcripts.  Section 1920(2) authorizes recovery of

"[f]ees for printed or electronically recorded

transcripts necessarily obtained for use in the case."

28 U.S.C. § 1920(2).  Local Rule 54.2(f)(2) provides:

> The cost of a stenographic and/or video
> original and one copy of any deposition
> transcript necessarily obtained for use in
> the case is allowable.  A deposition need
> not be introduced in evidence or used at
> trial, so long as, at the time it was
> taken it could reasonably be expected that
> the deposition was used for trial
> preparation, rather than mere discovery.

Local Rule 54.2(f)(2).  Defendant has not argued, nor

established, that the depositions for the foregoing

individuals were reasonably expected to be used for

trial preparation, rather than mere discovery.  Evanow

v. M/V Neptune, 163 F.3d 1108, 1118 (9th Cir. 1998)

(deposition transcript costs are taxable if they are

reasonably necessary for trial).  Indeed, at the time

the depositions were taken, no claims remained against

Defendant.  Plaintiff's motion to file a fifth amended

complaint was still pending, but Defendant could not

have reasonably believed that the depositions were

necessary for trial preparation.  Defendant's basis for

recovering attorneys' fees incurred in connection with

Ms. McGrath and Plaintiff's depositions is that
participation was necessary to defeat Plaintiff's
attempt to resurrect his dismissed breach of contract
claim.  This argument confirms that the depositions
were for discovery, not trial preparation.  As such,
the Court declines to tax the deposition transcript
costs.

     D.   <u>Total Taxable Costs</u>

     Based on the aforementioned discussion, the
Court finds that $350.00 in filing fees are taxable.

<u>CONCLUSION</u>

     In accordance with the foregoing, the Court
HEREBY FINDS AND RECOMMENDS that the district court
GRANT IN PART AND DENY IN PART Defendant's Motion for
Attorneys' Fees and Costs, filed December 14, 2012, and
award Defendant $15,811.41 in attorneys' fees and
$350.00 in costs.

37

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, January 31, 2014.



_____
Kevin S.C. Chang
United States Magistrate Judge

AU V. THE FUNDING GROUP, INC., ET AL.; CIVIL NO. 11-00251 JMS-
KSC; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN
PART DEFENDANT OPTION ONE MORTGAGE CORPORATION NOW KNOWN AS SAND
CANYON CORPORATION'S MOTION FOR ATTORNEYS' FEES AND COSTS